**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANIEL RYAN,**

**CASE NO.:  6:20-CV-1075-ORL-_____**

       **Plaintiff,**

**v.**

**LOEWS ORLANDO HOTEL PARTNER, LLC,**
**a Limited Liability Company, d/b/a**
**UCF HOTEL VENTURE,**

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL RYAN ("Ryan"), by and through his undersigned counsel, hereby files suit against Defendant, LOEWS ORLANDO HOTEL PARTNER, LLC, ("Loews"), a Limited Liability Company, d/b/a UCF HOTEL VENTURE.  In support thereof, Ryan alleges the following:

### JURISDICTION AND VENUE

1.       This is an action to recover unpaid overtime compensation and for retaliation under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq., as amended ("FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, as well as declaratory relief and all other relief this Court deems just and proper.

2.       Venue is proper in this Court under rule 1.02(c) of the Local Rules of the Middle District of Florida because the unlawful employment practices were committed in Orlando, Orange County, Florida, and because Defendant operates and does business in Orlando, Orange County, Florida.

### STATEMENT OF THE PARTIES

3.       Plaintiff Ryan is an individual residing in Windermere, Orange County, Florida.

4.      Defendant Loews is a foreign Limited Liability Company, registered to do business in Florida, with its principal place of business in New York, New York. At all times material to this action, Defendant maintained an office in Orlando, Florida.

5.      Loews is an employer within the meaning of 29 U.S.C. Section 203(d).  At all material times, Loews was engaged in interstate commerce and, upon information and belief, had annual sales of $500,000 or more.

6.      Ryan's damages exceed $75,000, exclusive of interest, attorneys' fees and costs.

## STATEMENT OF FACTS

7.      Ryan began his employment with Loews in or about August 2017 as a "supervisor" at the Strong Water Tavern located at Loews Sapphire Falls Resort. The resort is part of Universal Studios in Orlando. In that position, Ryan earned $16.00 per hour.

8.      In or about May 2018, Ryan was promoted to Sous Chef and transferred to the Royal Pacific Resorts Islands Dining Room. His annual salary in that position was $44,000.00.

9.      After approximately eight (8) months, Ryan was transferred to the Bula Bar & Grill.  After six (6) months, Ryan requested and eventually received an annual salary increase to $46,000.00.

10.      While classified by Loews as a Sous Chef, Ryan was basically responsible for food preparation in the restaurant kitchen.  Although three employees reported to him, Ryan did not perform any managerial duties and those employees performed essentially the same day-to-day duties in the kitchen that he did.

11.      Ryan's primary duties did not include the performance of office or non-manual work directly related to the management or general business operations of Loews or its customers.

12.      Ryan's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

13.     Ryan's job did not require the use of advanced knowledge or the engagement in artistic or creative endeavors.  His Sous Chef position did not require advanced knowledge in a field of science or learning, that must be customarily acquired by a prolonged course of specialized intellectual instruction.

14.     Ryan's work schedule as Sous Chef was from 10:00 a.m. to 8:00 p.m. each day of the workweek.  Although he typically worked at least 65 hours each week, Ryan was never paid for any of the hours he worked over 40.

15.     When Ryan complained to management and Human Resources about not being paid for the overtime he was routinely required to work, Loews ignored his complaints and his manager assigned him additional manual labor and menial tasks. Loews continued to require Ryan to work at least 65 hours a week without paying him for the 25+ hours of overtime.

16.     On January 21, 2020, Ryan was constructively discharged from his position as a Sous Chef, as the conditions of his employment had become intolerable. Ryan submitted his coerced letter of resignation and, again, asked Loews to compensate him for the unpaid overtime that had accrued during the period that he served as a Sous Chef.  Ryan received no response.

17.     As a result of Loews' violation of the FLSA, Ryan has suffered a loss of wages, emotional distress, loss of enjoyment of life, and mental anguish, and Plaintiff will continue to suffer said damages in the future.

**COUNT I**
**Unpaid Overtime in Violation of the FLSA**

18.     Ryan incorporates by reference each of the allegations set forth in paragraphs 1 through 17, above as if fully set out herein.

19.     This is an action for unpaid overtime and other damages and equitable relief under the FLSA, including, but not limited to, declaratory and injunctive relief.

20.     At all relevant times, Defendant Loews was an "employer" as defined by 29 U.S.C. Section 203(d) as it was "acting directly or indirectly in the interest of an employer in relation to an employee."

21.     Plaintiff Ryan was an "employee" of Loews within the meaning of the 29 U.S.C. Section 203(e) and had been employed by Loews since in or about August 2017.

22.     Despite Ryan's job title as "Sous Chef" (which is not determinative), he was not "employed in a bona fide executive, administrative, or professional capacity."  As such, Ryan is not exempt from the overtime compensation requirement.

23.     Upon information and belief, Loews has an annual dollar volume of sales or business that equals or exceeds $500,000.00.  Loews is also engaged in interstate commerce, transacting business across state lines. As such, Ryan is a covered employee under the FLSA.

24.     The FLSA requires employers to pay their employees one and one-half times the employee's usual hourly wage for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1).

25.     Loews regularly employed Ryan in excess of 40 hours in a workweek and did not pay him at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.  Indeed, Ryan was not paid for more than 40 hours a week even at his regular rate of pay. As such, Loews engaged in a pattern and practice of violating 29 U.S.C. Section 207 of the FLSA with respect to Ryan.

26.     Loews' actions were deliberate, willful, and without good faith or any legal justification within the meaning of the FLSA. Even after Ryan complained to management and Human Resources that he was not being paid for overtime, his compensation was not corrected and, instead, he suffered retaliation for his complaints.

27.     Loews is also liable under the FLSA for failing to maintain proper time records. Ryan's paystubs indicate that he only worked 40 hours a week, when he routinely worked at least 65 hours a week.

28.     As a direct and proximate result of Loews' unlawful conduct, Ryan has suffered, and will continue to suffer, a loss of income and other damages and is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

29.     Loews' conduct constitutes a willful violation of 29 U.S.C. Section 255(a) of the FLSA and Loews knew and showed reckless disregard of the fact that their compensation practices were in violation of these laws.

30.     Ryan is entitled to recover his attorneys' fees and costs connected with this action pursuant to 29 U.S.C. Section 216(b).

**COUNT II**
**Retaliation in Violation of the FLSA**

31.     Ryan incorporates by reference each of the allegations set forth in paragraphs 1 through 17, above as if fully set out herein.

32.     At all relevant times, Loews was an "employer" as defined by 29 U.S.C. Section 203(d) as it was "acting directly or indirectly in the interest of an employer in relation to an employee."

33.     Plaintiff Ryan was an "employee" of Loews within the meaning of the 29 U.S.C. Section 203(e) and had been employed by Loews since in or about August 2017.

34.     Upon information and belief, Loews has an annual dollar volume of sales or business that equals or exceeds $500,000.00.  Loews is also engaged in interstate commerce, transacting business across state lines.  As such, Ryan is a covered employee under the FLSA.

35.     Ryan complained to Loews' management and Human Resources Department about its unlawful pay practice of requiring Ryan to work at least 65 hours a week without paying him for overtime as required under the FLSA.

36.     Instead of remedying the unlawful pay practice, Loews retaliated against Ryan for his complaints by assigning him even more manual labor and menial tasks and continuing to require Ryan to work at least 65 hours a week without overtime pay.

37.     On January 21, 2020, Ryan was constructively discharged from his position as a Sous Chef, as the conditions of his employment became intolerable.

38.     Loews' actions negatively affected the terms, conditions, and privileges of Ryan's employment in violation of the FLSA.  29 U.S.C. Section 215(a)(3).

39.     Loews' actions in assigning Ryan more manual labor and menial tasks and continuing to require Ryan to work overtime without pay, which resulted in his constructive discharge, constitute unlawful retaliation in violation of the FLSA.

40.     Loews' retaliatory treatment was deliberate, willful, and without good faith or any legal justification.  Consequently, Ryan is entitled to liquidated damages in an amount equal to his lost wages and other appropriate damages.

41.     As a direct and proximate result of Loews' unlawful retaliation toward Ryan, he has been damaged in the loss of wages due, emotional distress, loss of enjoyment of life, and mental anguish, and Ryan will continue to suffer said damages in the future.  Additionally, Ryan has incurred and continues to incur costs and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.  Unpaid overtime wages;

B.  An additional equal amount equal to the unpaid overtime wages as liquidated damages;

C.  Prejudgment interest in the event liquidated damages are not awarded;

D.  A reasonable attorney's fee and costs; and,

E.   Such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a jury trial of all claims so triable.

Dated:  June 17, 2020.

Respectfully submitted,

**BURRUEZO & BURRUEZO, PLLC**

*/s/ Carlos J. Burruezo, Esq.*
**CARLOS J. BURRUEZO, ESQ.**
Florida Bar Number 843458
carlos@burruezolaw.com
docketing@burruezolaw.com
**BERTHA L. BURRUEZO, ESQ.**
Florida Bar Number 596973
bertha@burruezolaw.com
**DEBORAH E. FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
911 Outer Road
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

Attorneys for Plaintiff, DANIEL RYAN

4841-0930-9629, v. 2